IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Inga Lashon Smith, ) | |
| ) | Civil Action No. 8:13-3139-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Inga Lashon Smith ("Smith"), proceeding pro se, brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 19).[1] The magistrate judge recommends affirming the Commissioner's decision denying benefits. Smith timely filed objections (ECF No. 22) and the Commissioner filed a reply to those objections (ECF No. 27).

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. Background

Smith filed an application for DIB and SSI in May 2010, alleging a disability due to lumbar and cervical impairments and alleging an onset date of August 5, 2008. Her application was denied initially and on reconsideration. Smith requested review by an administrative law judge ("ALJ") and a hearing was held before an ALJ on April 9, 2012.

On May 18, 2012, the ALJ denied Smith's claim finding her not disabled under the SSA. The ALJ found that Smith suffered from the following severe impairments: mild degenerative disc disease of the cervical and lumbar spine with radicular symptoms, fibromyalgia, and obesity. However, the ALJ found that Smith's impairments did not meet or were medically equal to the criteria for any of the listed impairments. Accordingly, the ALJ proceeded to assess Smith's residual functional capacity ("RFC"). The ALJ found that Smith could perform a full range of work at sedentary levels but with certain nonexertional limitations, and that she could not perform her past relevant work as a bakery food sales clerk, dietary aide, or final inspector. The ALJ, however, determined that Smith could perform other jobs in existence in the national economy in significant numbers, and therefore, denied her disability claim.

Smith sought review of the ALJ's decision by the Appeals Council, but the Appeals Council declined to review the ALJ's decision. Smith then filed this action for judicial review on November 19, 2013. In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

"Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Analysis

In his objections, Smith contends that the Magistrate Judge erred by finding the weight the ALJ assigned to treating physician Dr. Robbie Buechler's opinion was support by substantial evidence and by finding the ALJ did not err by failing to perform the psychological review technique form analysis.

First, Smith contends that the ALJ erred by improperly giving only some weight to the opinion of Dr. Buechler, her treating neurologist. The ALJ attributed only some weight to Dr. Buechler's opinion because he found that "some of his conclusions are inconsistent with [the] treatment record and the other substantial evidence of record." (Tr. 24). Specifically, the ALJ questioned Dr. Buechler's opinion that Smith would have to rest for more than an hour during the week and would likely miss more than three days of work in a month. (Tr. 24-25, 269-70).

The ALJ noted That diagnostic tests revealed only mild degenerative changes in the spine and that other medical providers did not find any such impairment. (Tr. 25).

A treating physician's opinion as to a patient's condition and functional limitations should ordinarily be accorded great weight. *See Craig v. Chater*, 76 F.3d 589-590 (4th Cir. 1996). However, the opinion of a treating physician is not entitled to great weight when it is contradicted by the physician's own treatment notes, or by other evidence. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002) ("When a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight" (citations omitted)); *Burch v. Apfel*, 9 Fed.Appx. 255 (4th Cir. 2001) (ALJ did not err in giving physician's opinion little weight where the physician's opinion was not consistent with her own progress notes).

The magistrate judge summarized Dr. Beuchler's January 2011 opinion (Report at 19-21) and the ALJ's consideration of Dr. Beuchler's opinion (Report 21-22; Tr. 23-24) and determined that Smith failed to point to any evidence upon which the court could conclude that the ALJ's decision was not supported by substantial evidence. (Report at 25).

Smith contends the magistrate judge provided an inaccurate summary of the record, setting out only the negative findings in the record, and ignoring her argument that it made no sense for the ALJ to claim that the findings of Drs. Trott's and Moretz's opinions contradicted Dr. Beuchler's opinion or to ignore older medical records. And caselaw forbids the ALJ from relying on phrases like "doing well" to contradict Dr. Beuchler's opinion.

In her brief, Smith also argues that the ALJ erred in relying on Dr. Beuchler's own references in his treatment notes that Smith was "doing quite well" in discounting portions of Dr. Beuchler's opinion. Smith cites *Kellough v. Heckler*, 785 F.2d 1147, 1153 (4th Cir.1986), for the proposition that such notations must be read in context. In *Kellough*, the court addressed a

4

situation where the claimant had a severe cardiac impairment in 1975 and one month prior to when she was hospitalized for open heart surgery, it was noted that she reported that she "Feels well."  The court noted that while the medical evidence overwhelmingly established that the claimant suffered from rheumatic heart disease in 1975 and that her condition had degenerated by 1982, the Commissioner discounted the claimant's testimony on the basis of a lack of need for "protracted" pain medication, the generalized statement of Social Security Ruling 82-51, and the references in the physician's notes to her "normal activity" and "feeling well."  The court held that the isolated references in the physician's notes to "feeling well" and "normal activity" were not a substantial basis for rejecting as incredible the claimant's subjective complaints of exertional limitation.  *Id.*

Here, the ALJ did not take any physician's notes out of context. More importantly, considering the record as a whole, the weight the ALJ gave to Dr. Beuchler's opinion is supported by substantial evidence.  Additionally, to the extent Smith objects that the ALJ did not in his decision discuss every medical record submitted, this is not a requirement. *See Manning v. Colvin*, 2015 WL 4545427, C/A No. 9:13-2183-MGL (D.S.C. Feb. 10, 2015)(citing *Dryer v. Barnhart*, 395 F.3d 1206, 1211(11th Cir. 2005) (holding ALJ is not required to specifically refer to every piece of evidence in the decision). Rather, what is required is that the ALJ is to review the medical records and provide a rationale for his decision that is supported by substantial evidence.  The  ALJ did that in this case, and his decision is supported by substantial evidence.  The court may not overturn the ALJ's decision simply because the record may contain conflicting evidence.

Next, Smith argues that the ALJ failed to properly perform the Psychiatric Review Technique Form ("PRTF") analysis, also known as the "special technique," in evaluating her alleged mental impairment of depression.  *When a claimant alleges a mental impairment*, the

Commissioner must "follow a special technique at every level in the administrative review." 20 C.F.R. §§ 404.1520a, 416.920a(a)(emphasis added).  Initially, the court notes that, here, Smith has not alleged a mental impairment.  Notwithstanding Smith's failure to allege a mental impairment, a claimant's signs, symptoms, and laboratory reports should be evaluated in order to determine whether the claimant has a medically determinable impairment. If such mental impairment exists, then the ALJ is to evaluate the severity of it by applying the "special technique" set forward in 20 C.F.R. § 404.1520a.  *See id.* § 404.1520a(e) ("[W]e will document application of the technique in the decision."). This technique requires the ALJ to consider and rate the claimant's limitations in four functional areas: (1) activities of daily living, (2) social functioning, (3) concentration, persistence, or pace, and (4) episodes of decompensation.  *Id.* § 404.1520a(c)(3).

The Court has reviewed the record, including the evidence cited by Smith, and finds that there is no diagnosis of anxiety or depression and the medical evidence concerning Smith's mental condition does not meet the definition stated above of a severe mental impairment. On April 30, 2009, Smith was treated at St. Luke's Medical Care for lower back pain. (Tr. 208).  It was noted that Smith complained of insomnia, fatigue, increased irritability, and anxiety for seven to eight months. *Id.*   Smith denied she was depressed and declined treatment because she was "too scared."  *Id.*   Smith was advised to return for antidepressants if her feelings did not resolve after her pain was gone. *Id.*   At a visit with Dr. Moretz, it was noted that Smith had a "somewhat of a depressed affect."  (Tr. 234).  Finally, on November 11, 2011, Dr. Beuchler noted that Smith was not looking him in the eye and he wondered if her "depression is worse. She usually is more talkative and interactive."  (Tr. 301).

While Smith reported anxiety and depression for several months and on two visits a depressed affect was noted, the medical notes reflect no diagnosis or treatment for any mental

impairment nor any limitations because of depression. Moreover, Smith denied she was depressed to her doctor and denied any mental impairment to the ALJ, and would not accept treatment. Additionally, while Smith argues she was prescribed Prozac, she was specifically prescribed it for "chronic pain symptoms." (Tr. 234). Moreover, Smith did not allege any mental impairment in her applications, and specifically denied one when questioned by the ALJ at the hearing. (Tr. 44). Smith does not have a colorable claim of a mental impairment. Accordingly, the ALJ did not err by failing to conduct a PRFT analysis.

## IV. Conclusion

Having reviewed the record under the appropriate standards, as set out above, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report. The ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 23, 2015
Anderson, South Carolina